

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB 15 A 9:32

LORETTA G. WHYTE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN CROSBY | CIVIL ACTION |
| VERSUS | NO. 00-0367 |
| BURL CAIN, WARDEN | SECTION "F" (6) |

## REPORT AND RECOMMENDATION

Petitioner has filed an "Application Seeking Leave to File" a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Petitioner's pleading was filed in compliance with the district court's September 27, 1995 Order requiring petitioner to seek leave before attempting to file future successive habeas corpus actions. (See, attachment to Rec. Doc. 2.) The district court referred the matter to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. An evidentiary hearing is not necessary. For the following reasons, **IT IS RECOMMENDED** that petitioner's application be **DENIED**.

DATE OF ENTRY  FEB 1 5 2000

FEB 1 5 2000
DATE OF MAILING

Fee_____
Process____
X  Dktd____
   CtRmDep__
   Doc.No.___

**ANALYSIS:**

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which included a comprehensive overhaul of federal *habeas corpus* legislation, including 28 U.S.C. §2254.[1]  Petitioner's "Application Seeking Leave to File" filed February 4, 2000 (and any resulting habeas application filed hereafter) are governed by the AEDPA.

28 U.S.C. §2244(b)(1) provides: "A claim presented in a second or successive habeas corpus application under 2254 that was presented in a prior application **shall be dismissed**". (emphasis added).  Thus, to the extent petitioner would seek to re-litigate issues previously adjudicated on the merits[2], his successive petition would be dismissed.

Additionally, 28 U.S.C. §2244(b)(2) provides: "A claim presented in a second or successive habeas corpus application under 2254 that was not presented in a prior application **shall be dismissed unless**--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1]The AEDPA does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  **United States v. Sherrod**, 964 F.2d 1501, 1505 (5th Cir. 1992).

[2]Since petitioner has not yet submitted his successive petition, the court cannot with any certainty know whether the issues he wishes to bring were previously litigated or are new claims. However, it appears from the arguments raised in petitioner's "application for leave to file" that petitioner seeks permission to bring both previously litigated and new claims challenging his 1979 state court conviction.

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense" (emphasis added).

Moreover, 28 U.S.C. §2244(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application".

Thus, to the extent petitioner Crosby seeks to bring new claims not previously raised before the district court pertaining to his 1979 state court conviction, Crosby must first obtain authorization to file a successive habeas petition from the U.S. Court of Appeals. He has failed to do so.

Accordingly,

It is hereby **RECOMMENDED** that Allen Crosby's "Application Seeking Leave to File" a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 be **DENIED**. Crosby must seek further redress before the U.S. Fifth Circuit Court of Appeals.[3]

A party's failure to file written objections to the proposed findings, conclusions, and

---

[3] Petitioner is additionally instructed to consider the possible application of 28 U.S.C. §2244 (d)(1) to any subsequently filed petition. That provision sets forth, with some exceptions, a 1-year period of limitation for the filing by a state prisoner of federal habeas corpus petitions, commencing on the date when the state judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 15th day of February, 2000.

_____
UNITED STATES MAGISTRATE JUDGE